IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALEXANDER OVIDIO CORNELIO
PICON,

                 *Petitioner,*

    v.

J.L. JAMISON, et al.,

                 *Respondents.*

CIVIL ACTION

NO. 26-1709

## <u>ORDER</u>

**AND NOW**, this 26th day of March, 2026, upon consideration of the Petition for

a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 2), is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Cornelio Picon is not subject to mandatory detention under 8**

    **U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to

    the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    In April of 2023, Alexander Ovidio Cornelio Picon, a citizen of Guatemala, entered the United States. (Pet. ¶¶ 1–2, Dkt. No. 1.) Immigration officials did not apprehend him at the time, and he has since lived in the Philadelphia area. *See* (*Id.*). On March 13, 2026, ICE officials arrested him, (*id.* ¶ 4), and transferred him to the Philadelphia Federal Detention Center, (*id.* ¶ 6.) He is currently detained under 8 U.S.C. § 1225(b)(2) and thus has not received a bond hearing from an immigration judge. (*Id.* ¶ 5.)

    Cornelio Picon filed a federal *habeas* petition on March 17, 2026, alleging violations of due process, the Immigration and Nationality Act and the Administrative Procedure Act. (*Id.* at 9–13.) He seeks an order preventing the Government from transferring him outside the Eastern District, declaring his detention his unlawful, and releasing him from detention or alternatively providing him with a bond hearing. (*Id.* at 14.) The Government responds that Cornelio Picon is lawfully detained under § 1225(b)(2). *See* (Gov't Resp. in Opp'n at 5–8, Dkt. No. 2).

    The Court disagrees with the Government for the reasons stated in *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (citing 282 out of 288 district court decisions rejecting the Government's position) and echoed in *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026) (citing 201 decisions in the Eastern District rejecting the Government's position). Cornelio Picon was already in the United States—not "seeking admission" as § 1225(b) requires—when ICE agents detained him several days ago. Because the Government detained him under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond

2.    **On or before April 2, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Cornelio Picon with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.    Should the immigration judge deny bond, Cornelio Picon may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  Given that, the Court need not address his due process claim.